# APPENDIX.

## I. NOTES OF CASES NOT OTHERWISE REPORTED.

### YORK v. SHELDON.

*Appeal from Clayton District Court — Saturday, December 10, 1864.*

RESCISSION OF CONTRACT: FRAUD: RECORDER'S CERTIFICATE SUFFICIENT EVIDENCE OF THE ENTRY OF LAND.

THE facts were stated and the decision of the court was announced by —

DILLON, J. — The parties exchanged lands. The defendant had no title to forty of the eighty acres which he traded to the plaintiff.

The plaintiff seeks a rescission of the contract on the ground of fraud. The contest is one of fact. The appellant's counsel maintains that the evidence fails to support the petition and the decree of the District Court, which was in favor of the plaintiff.

It would illustrate no rule of law to discuss the evidence at length. The defendant's theory is not reasonable. According to that, the plaintiff, at the defendant's solicitation, traded land to which he had a perfect title for land in a blank deed made by one Fales without any representation with respect to the title, and without any knowledge of Fales or his responsibility. That the defendant, in the presence of the plaintiff and his brother, did represent in his first interview with the plaintiff the title to be good, is fairly shown, all the circumstances being considered by the weight of evidence. His possession of an unrecorded deed, blank as to the grantee, which, on the trade being made, was filled up with the plaintiff's name, and his over-anxiety and solicitude, taking his own account to be true, in his last interview with the plaintiff, to have it understood that he knew nothing about the title, are quite suggestive and ominous, and impress

us, as they doubtless did the court below, with the conviction that he knew all about it. Under the statute the certificate of the recorder was competent evidence to show who entered the land, and the court did not err in refusing to exclude it. Revision, §§ 4048, 4049.

The court below rescinded the contract, and that decree is affirmed with the modification that the defendant be allowed $33, and interest thereon, the amount of a certain mortgage on the land he obtained from the plaintiff, and which the defendant paid off, the appellee paying the costs of this court.

The cause will be remanded to the court below to carry out this modification, and the amount above allowed should be established as an equitable lien on the land which the defendant obtained from the plaintiff.

Lowe, J., dissented from the foregoing opinion.

*Noble & Beckwith* for the plaintiff— *J. O. Crosby* for the defendant.